# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| ESURANCE PROPERTY & CASULTY INSURANCE COMPANY, <br>                 Plaintiff, <br><br> v. <br><br> Richard GREGG, <br>                 Defendant. | Case No. 2:18-cv-04255-NKL |

## ORDER

Before the Court is Defendant's motion to dismiss, Doc. 8, and Plaintiff's motion to consolidate cases, Doc. 12. For the following reasons, the motion to dismiss is granted in part and the motion to consolidate is denied as moot.

## I.  Background

This dispute began after a car wreck in 2016 between defendant Richard Gregg and an uninsured motorist, Clint Walker. Doc. 8-1 (Police Report). Plaintiff Esurance Property & Casualty Insurance Company provides uninsured motorist insurance to Gregg. Gregg made a claim for uninsured motorist coverage, Doc. 8-4 (Letter), and on November 22, 2016, sued Clint Walker, the other driver involved in the accident, in state court. Doc. 8-7 (Petition). After Walker failed to appear, Gregg obtained a $500,000 default judgment against Walker on September 20, 2017. Doc. 10 (Default Judgment). On November 19, 2018, Gregg began a traditional garnishment action against Esurance in state court to collect uninsured motorist insurance, Doc. 8-

22 (Garnishment Action), and on January 17, 2019, Gregg amended his petition to add a claim against Esurance.[1] Doc. 8-26 (Amended Petition).

Meanwhile, on December 12, 2018, Esurance filed this complaint for a declaratory judgment. Doc. 1. Esurance seeks a judgment declaring that it owes no coverage, and that Esurance is not in any manner liable, for Gregg's claimed loss in the collision based on Gregg's refusal to cooperate during Esurance's investigation. *Id.* Gregg argues that this action should be dismissed in light of the pending parallel state court proceeding. Doc. 8.

**II.     Discussion**

"[T]he Declaratory Judgment Act . . . confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). Accordingly, a district court "may," but is "under no compulsion to," exercise its jurisdiction. *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942). In deciding whether to abstain from deciding a state law question, a district court should "ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Id.* at 495. Such analysis may require "examin[ing] the scope of the pending state proceeding and the nature of the defenses open there" as well as "whether the claims of all parties . . . can satisfactorily be adjudicated in that proceeding." *Wilton*, 515 U.S. at 283 (quoting *Brillhart*, 316 U.S. at 495).

Gregg argues that Esurance and Gregg are both parties in the state proceeding, that the issues are the same in both proceedings, and that the claims of all parties, including Esurance's

---

[1] Esurance removed the amended petition, but the case has since been remanded. *See Gregg v. Esurance Propery & Casualty Insurance Company*, Case No. 19-00053, Doc. 1 (Notice of Removal) and Doc. 19 (Remand Order).

coverage defenses, can be satisfactorily adjudicated in the state court proceeding. Doc. 8. Esurance does not contest that the issues, as presented in Gregg's Amended Petition, are related. As Esurance recognized in its motion to consolidate, "both [the Declaratory Judgment and Amended Petition] arise from the same identical facts and involve the same parties. Both cases concern the same claim . . . for uninsured motorist coverage. . . . [t]he issues raised and evidence presented in both cases will be identical." Doc. 12, ¶ 1–2. In this respect, the analysis here is similar to that in *Capitol Indemnity Corp. v. Haverfield*, where the Eighth Circuit held that it was an abuse of discretion to deny a motion to dismiss when both actions are governed by state law, and the state proceeding shares "the same parties, the same issue, the same insurance policies, and the same arguments." 218 F.3d 872, 875 (8th Cir. 2000).

Esurance argues that this action should not be dismissed because the Amended Petition was not and is not now pending in state court. At the time Esurance filed for Declaratory Judgment, Gregg had not yet amended his petition to add Esurance as a party. However, the Eighth Circuit has found denial of a motion to dismiss to be an abuse of discretion even when the federal case was the first case filed. *See Haverfield* 218 F.3d at 875. Therefore, this basis is not sufficient to avoid dismissal given the parallel nature of the cases. Esurance also argues that the state proceeding is no longer pending since Esurance removed the case to federal court. However, as the removed case has been remanded, this argument too is unpersuasive.

Finally, Esurance argues that the district court lacks discretion to abstain because the manner in which Gregg amended his complaint and filed the Garnishment Action before the state court was not proper. Esurance implies that Gregg should not have been permitted to amend his petition, even though the state court permitted the amendment, and argues that the garnishment is improper because Esurance is Gregg's insurer, not the Walker's insurer. In asking the Court to

decide the propriety of the proceedings, Esurance is essentially inviting the Court to rule on a substantive issue of state law currently before the state court. The Court declines this invitation.

Esurance will have the opportunity to argue the propriety of the Garnishment Action in the state proceeding. The state court has already been directly presented with the question through Esurance's motion to quash. Doc. 8-24 (Motion to Quash). Since a district court's discretion in abstaining from actions such as this is "founded on the recognition that state, not federal courts are the final expositors of state law," *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 122 n.4 (1981), the state court should be permitted to decide the propriety of using garnishment to obtain uninsured motorist coverage.

It would be uneconomical for the Court to proceed here while Gregg's state court action "presenting the same issues, not governed by federal law, between the same parties" remains pending in state court. *Haverfield*, 218 F.3d. at 874–75. The most efficient outcome, and the one most aligned with principles of federalism and comity, is to abstain. *Id.* at 875 n.2.

While abstention is appropriate, the Court concludes that it should stay this Declaratory Judgment action rather than dismissing it. First, in a questionable case, the action should be stayed not dismissed. *Int'l Ass'n of Entrepreneurs of Am. v. Angoff*, 58 F.3d 1266, 1271 (8th Cir. 1995) ("So long as a possibility of return to federal court remains, a stay rather than a dismissal is the preferred mode of abstention."). Second, it is possible that the decision of the state court will affect the question of whether the Garnishment Action is separate and distinct from the actual claim against Esurance in the Amended Petition. This in turn may affect the removability of the state law claim against Esurance in Gregg's amended state court petition. Therefore, it is prudent to stay Esurance's Declaratory Judgment action rather than dismissing it.

### III. Conclusion

For the foregoing reasons, Gregg's motion to dismiss, Doc. 8, is granted in part. Esurance's declaratory judgment action is stayed and Esurance's motion to consolidate, Doc. 12, is denied as moot.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: April 11, 2019  
Jefferson City, Missouri